UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Valerie Mae Goines, ) | Case No. 07-50812 |
| ) | |
| Debtor. ) | |
| ) | |

## MEMORANDUM OPINION GRANTING ATTORNEY WITHDRAWAL

This matter came before the Court on August 15, 2007, upon the Motion to Withdraw as Counsel for Debtor (the "Motion to Withdraw"), filed by Jeffrey P. Farran, the attorney for the above-referenced debtor (the "Debtor"), on July 16, 2007. Attorney Farran seeks Court approval to withdraw as counsel for the Debtor in this case and be relieved of all further duties with respect to the Debtor.

Based upon a review of the Motion, statements by the Debtor and Attorney Farran, applicable law, and the entire official file, the Court will grant the Motion to Withdraw.

### I. JURISDICTION

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G) which this Court has the jurisdiction to hear and determine.

### II. FACTS

On May 19, 2007, the Debtor met with Attorney Farran about filing bankruptcy. During the meeting, the Debtor and Attorney Farran discussed the Debtor's financial situation, including her ownership interest in certain real property (the "Property"). On May 29, 2007, the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. The Debtor's petition listed

her ownership interest in the Property and described the interest as a "tenant in common with 2 brothers (1/3 interest)." During her Section 341 Meeting, the Debtor testified under oath that she owned the Property jointly with her brothers for several years. At the same Section 341 meeting, the Debtor produced a copy of a deed concerning the Property. The deed disclosed a transfer of the Property from the Debtor's sole ownership to joint ownership with her brothers on April 5, 2007, just 54 days before the Debtor filed her Chapter 7 petition. Based on these facts, on July 9, 2007, Edwin H. Ferguson, Jr., the duly-appointed Chapter 7 Trustee herein (the "Trustee") filed an adversary proceeding objecting to the discharge of the Debtor pursuant to Section 727(a) of the Bankruptcy Code (the "Adversary Proceeding").

Included within the Debtor's petition is a Disclosure of Compensation of Attorney for Debtor (the "Disclosure of Compensation"), which lists the services that Attorney Farran contracted to perform on behalf of the Debtor. The Disclosure of Compensation expressly included (1) an analysis of the Debtor's financial situation, (2) the preparation and filing of the Debtor's petition and schedules, (3) representation of the Debtor at meetings of creditors and confirmation hearings, and (4) the preparation and filing of reaffirmation agreements and avoidance of liens. The Disclosure of Compensation expressly excluded representation of the Debtor in matters concerning (1) dischargeability actions, (2) relief from stay actions, and (3) all other adversary proceedings. Attorney Farran has not agreed to represent the Debtor in the Adversary Proceeding and is a potential witness in that action.

### III. ANALYSIS

The withdrawal of counsel is a legal and ethical matter. Courts typically look to ethical standards set forth by state bar associations or the American Bar Association for guidance. The Fourth Circuit Court of Appeals has looked to state bar ethics rules to determine legal representation issues. E.g., Shaffer v. Farm Fresh, Inc., 966 F.2d 142, 146 (4th Cir. 1992)(Fourth Circuit held that an attorney could represent a class of workers in a FLSA action under Virginia

state ethics rules); Aetna Casualty & Surety Co. v. U. S., 570 F. 2d 1197, 1200-1201 (4th Cir. 1978)(Fourth Circuit held that a U.S. attorney could defend air traffic controllers in airplane crash case under North Carolina bar ethic rules). Bankruptcy courts across the country have looked to their state's ethics rules for guidance on legal representation issues. See, e.g., In re Hodges, 342 B.R. 616, 620 (Bankr. E.D. Wash. 2006); In re Egwim, 291 B.R. 559, 570 (Bankr. N.D. Ga. 2003); In re Albert, 277 B.R. 38, 47 (Bankr. S.D.N.Y. 2002).

Under the North Carolina Rules of Professional Conduct, an attorney may withdraw from a representation under certain conditions. Subsection (1) of Section 27 N.C.A.C. 2.1.16(b) allows an attorney to withdraw from a representation if the withdrawal can be accomplished without a "material adverse effect" on the interests of the client. Section 27 N.C.A.C. 2.1.16(b)(1). Comment 7 to the North Carolina Rules of Professional Conduct provides that "forfeiture of a substantial financial investment" would have a material adverse effect. Section 27 N.C.A.C. 2.1.16 (Comment 7). The attorney-client relationship between the Debtor and Attorney Farran was limited contractually. Most, if not all, of the services for which the Debtor contracted have been completed, including the prepetition assessment of the Debtor's financial situation, the preparation of the Debtor's schedules, and the representation of the Debtor at her Section 341 Meeting. The only potential contractual services remaining are for the preparation of reaffirmation agreements and the filing of motions to avoid liens. According to the Debtor's petition, the only liens are fully secured liens on the Property, so there are no liens to avoid. If the Debtor seeks to reaffirm a debt,[1] then Attorney Farran may choose not to certify that the reaffirmation is in the best interests of the Debtor, in which case the Bankruptcy Code requires the Court to hold a hearing to determine if the reaffirmation agreement is in the best interests of the Debtor. 11 U.S.C. § 524(a)(6). Due the lack of any need by the Debtor for lien avoidance

---

[1] The record does not reveal whether the Debtor desires to reaffirm any of her debts. She is, of course, free to contract with another attorney if she feels that she needs representation regarding a reaffirmation agreement.

and due to the approval process under the Bankruptcy Code for reaffirmation agreements, the Court finds that the withdrawal of Attorney Farran from representation of the Debtor in her Chapter 7 bankruptcy would not create any substantial financial forfeiture by the Debtor and therefore would have no material adverse effect on the Debtor's interest.

Subsection (9) of Section 27 N.C.A.C. 2.1.16(b) allows an attorney to withdraw from a representation for any "other good cause." 27 N.C.A.C. 2.1.16(b)(9). This condition allows for flexibility when ethical issues arise that are not listed elsewhere in the withdrawal rule. A material conflict of interest between a client's interests and those of her lawyer is prohibited by the North Carolina Rules of Professional Conduct. 27 N.C.A.C. 1.7(a)(2)("a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: . . . (2) the representation of one or more clients may be materially limited by the responsibilities to another client, a former client, or a third person, or by a personal interest of the lawyer."). Such a conflict of interest would constitute "other good cause" within the scope of Rule 2.1.16(b)(9). Attorney Farran would be conflicted if the Trustee were to call him as a witness against the Debtor in the Adversary Proceeding. Under the circumstances, the potential for this conflict to arise is almost certain.

## IV. CONCLUSION

Because the withdrawal of Attorney Farran would not materially adversely affect the Debtor's interest in her bankruptcy and because good cause exists due to a likely conflict of interest, the Court is compelled to grant the Motion to Withdraw.

This memorandum opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered contemporaneously herewith pursuant to Fed. R. Bankr. P. 9021.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| Valerie Mae Goines, | )   Case No. 07-50812 |
| | ) |
| Debtor. | ) |
| | ) |

PARTIES IN INTEREST

Jeffrey P. Farran

Valarie Mae Goines

Edwin H. Ferguson, Jr.